IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN PUENTES, JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-243-G (BT) |
| | § | |
| WARDEN UNDERWOOD | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Martin Puentes, Jr., a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be DENIED.

**Background**

On January 24, 2007, Petitioner was convicted of: (1) one count of conspiracy to distribute and possess with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); (2) two counts of distribution of a Schedule II controlled substance and aiding and abetting, each in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; and (3) one count of possession with intent to distribute a Schedule II controlled substance and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. *United States v. Puentes*, No. 4:06-cr-

099-Y (3) (N.D. Tex.). The district court sentenced him to concurrent terms of 360 months' imprisonment. On June 19, 2008, the Fifth Circuit Court of Appeals affirmed, *United States v. Puentes*, 283 Fed. Appx. 222 (5th Cir. 2008), and on October 20, 2008, the Supreme Court denied certiorari. *Puentes v. United States*, 555 U.S. 976 (2008).

On August 31, 2009, Petitioner filed a petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Puentes v. United States*, No. 4:09-cv-516-Y. On March 24, 2010, the district court denied the petition. On July 15, 2010, the Fifth Circuit dismissed Petitioner's appeal for want of prosecution. *Puentes v. United States*, No. 10-10360 (5th Cir. July 15, 2010).

On October 24, 2012, Petitioner filed a successive motion under § 2255, which the district court dismissed without prejudice to Petitioner seeking leave from the Fifth Circuit to file the successive petition.

On January 2, 2018, Petitioner filed the instant § 2241 petition. He argues that under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Fifth Circuit's decision in *United States v. Zuniga*, 860 F.3d 276 (5th Cir. 2017), the enhancement of his sentence as a career offender under § 4B1.1 of the Sentencing Guidelines was improper. In *Johnson*, the Supreme Court considered the residual clause of the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." The Court found the residual clause to be unconstitutionally vague.

*Johnson*, 135 S. Ct. at 2557-58. In *Zuniga*, the Fifth Circuit applied *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), to find that the Texas delivery of a controlled substance offense was not a controlled substance offense under § 4B1.2(b).

## Legal Standards and Analysis

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (2017) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448 452 (5th Cir. 2000)). The

3

Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy").

The savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

Here, Petitioner does not allege that he may have been convicted of a nonexistent offense. Instead, he challenges his sentence enhancement. Challenges to the validity of a sentencing enhancement, however, do not satisfy the requirements of the savings clause. *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (per curiam); *Kelley v. Castaneda*, 711 F. App'x 243, 243-44 (5th Cir. 2018) (per curiam) (collecting cases). Petitioner's petition should therefore be denied.

## Recommendation

The Court should DENY Petitioner's habeas corpus petition under 28 U.S.C. § 2241.

Signed November 7, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).